UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAUL GAMBOA,

       Plaintiff,                                       Hon. Robert J. Jonker

v.                                                       Case No. 1:18-cv-591

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Income Benefits (DIB) under Title II of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, the undersigned recommends that the Commissioner's decision be **affirmed**.

**STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence

supporting that decision.  *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility.  *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).  It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence.  *See* 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla, but less than a preponderance.  *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted).  It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993).  In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight.  *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference.  *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted).  This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.  *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 54 years of age on his alleged disability onset date. (PageID.222). He successfully completed several years of college and worked previously as a first aid attendant, security guard, and garbage collector. (PageID.53, 65-66). Plaintiff applied for benefits on June 3, 2017, alleging that he had been disabled since November 4, 2016, due to type 2 diabetes, numbness and tingling in his left foot, multiple herniated discs in his back, bulging disc in his back, chronic back pain, chronic right thigh pain, inability to sit or stand for long periods, difficulty sleeping, chronic fatigue, and hypertension. (PageID.222-23, 245).

Plaintiff's application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (PageID.128-220). On October 24, 2017, Plaintiff appeared before ALJ Cynthia Harmon with testimony being offered by Plaintiff and a vocational expert. (PageID.59-93). In a written decision dated November 8, 2017, the ALJ determined that Plaintiff was not disabled. (PageID.43-54). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.29-33). Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffered from obesity and degenerative disc disease of the lumbar spine, severe impairments that whether considered alone or in combination

---

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.45-47).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform light work subject to the following limitations: (1) during an 8-hour workday, he can stand/walk for only 4 hours; (2) he can only occasionally balance, stoop, crouch, and climb ramps/stairs; (3) he cannot kneel, crawl, or climb ladders, ropes, or scaffolds; (4) he cannot operate leg or foot controls with either lower extremity; and (5) he can have no more than occasional exposure to temperature extremes, humidity, vibration, and workplace hazards, including dangerous moving machinery and unprotected heights. (PageID.48).

A vocational expert testified that if Plaintiff were limited to the extent reflected in the ALJ's RFC finding, Plaintiff would still be able to perform his past relevant work as a first aid attendant. (PageID.87-88). Based on this testimony, the ALJ found that Plaintiff was not disabled because he could still perform his past relevant work. The vocational expert also testified that if Plaintiff were further limited in that he required a sit/stand option, there still existed approximately 165,000 jobs in the national economy that he could perform. (PageID.88-89). The vocational expert further testified that if Plaintiff were limited to sedentary work, there still existed approximately 169,000 jobs in the national economy that he could perform. (PageID.90).

**I.        Listing of Impairments – Section 1.04(A)**

The Listing of Impairments, detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1, identifies various impairments which, if present to the severity detailed therein, result in a finding that the claimant is disabled. Plaintiff's sole argument on appeal is that the ALJ's

decision that he does not satisfy Section 1.04(A) of the Listing of Impairments is not supported by substantial evidence.

> Section 1.04(A) of the Listing of Impairments provides as follows:
>
> *Disorders of the spine* (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture) resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A.   Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R., Part 404, Subpart P, Appendix 1, § 1.04.

In support of his argument that he satisfies the introductory paragraph of this Listing, Plaintiff identifies two items in the record. First, Plaintiff cites to a January 8, 2017 MRI assessment of his lumbar spine which was interpreted by Dr. Daniel Spear. (PageID.308). According to Dr. Spear, this MRI revealed, "[r]edemonstration of mild degenerative disc disease at L2-L3, stable from the prior exam [performed in 2012]. A new tiny left lateral recess disc herniation is visualized at L4-L5 though does not result in significant stenosis." (PageID.308). In sum, the doctor did not observe evidence of compromise of a nerve root or the spinal cord necessary to satisfy the requirements of Listing 1.04. Plaintiff next cites to comments by Nurse Practitioner Teri Holwerda who opined that this MRI examination revealed disc protrusions with possible nerve root contact. (PageID.349).

This evidence does not advance Plaintiff's cause. First, to the extent that Dr. Spear and Nurse Practitioner Holwerda assessed the results of the MRI in question differently, the

ALJ's decision to place more weight on Dr. Spear's assessment is not improper as the ALJ is tasked with evaluating the evidence and resolving conflicts therein. Furthermore, Nurse Practitioner Holwerda's opinion that Plaintiff was experiencing disc protrusions with *possible* nerve root contact is insufficient to satisfy Listing 1.04. *See, e.g., Vernon P. v. Berryhill*, 2018 WL 5786209 at *3 (D. Maine, Nov. 3, 2018) ("[a] finding of potential nerve root impingement does not suffice to meet [Listing 1.04]"); *Marquette v. Berryhill*, 2017 WL 4680935 at *17 (M.D.Pa., Oct. 18, 2017) (same).

Thus, there exists substantial evidence supporting the ALJ's conclusion that Plaintiff's impairment did not satisfy the requirement of Listing 1.04. Plaintiff's argument that the ALJ failed to sufficiently explain why his impairments do not equal Listing 1.04 is likewise unpersuasive. The ALJ discussed the medical evidence at length. (PageID.48-52). As the ALJ detailed, the results of physical examinations, objective testing, and Plaintiff's reported activities do not support the argument that Plaintiff's impairments equal Listing 1.04. Accordingly, the undersigned finds that the ALJ's decision that Plaintiff fails to satisfy the requirements of Listing 1.04(A) is supported by substantial evidence.

## CONCLUSION

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be **affirmed**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C).

Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: November 29, 2018

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge